Chief Justice Robertson
delivered the Opinion of the Court.
John M. Howell, for himself and others, as wards of John Hamilton, excepted to a report of a supplemental settlement of their guardian’s accounts, and moved a recommitment on two grounds: first—because one of the two commissioners was the son-in-law of Hamilton; and, second—because no proofs or vouchers were exhibited to sustain the credits allowed by the report.
But the County Court, having overruled the motion and adjudged the report sufficient, admitted it to record.
The question presented by this writ of error, is whether, in proceeding as just stated, the County Court erred.
It was certainly far from being prudent for the son-in-law to act as a commissioner in auditing the guardian’s accounts. And the fact that he did so, should alone .have prompted the County Court to scrutinize the report with a jealous vigilance, and require indisputable evidence of its perfect impartiality and justice. Had there been such evidence, however, the mere propinquity subsisting between the guardian and one of the auditors—not rendering the commissioner legally in *555 competent—would not have required a rejection of the report.
But there being, according to the import of the bill of exceptions, no extraneous evidence, either documentary or oral, in support of the credits allowed to the guardian, or even in justification of the apparently small and almost nominal charges made against him for rents; it was the duty of the County Court, in the exercise of the intelligent and prudent discretion which should ever characterize a tribunal entrusted with the guardian care of infants, to sustain the exceptions to the report, and commit the settlement to commissioners altogether exempt from any delusive bias or suspicion of prejudice.
Wherefore, the order of the County Court is annulled, and set aside, and the case remanded, with instructions to quash the report, and to recommit the settlement to commissioners indifferent as between the parties concerned.